### The Life Association of America *vs.* Ferrill.

Where, no demand having been made for a jury, the judge of the city court rendered judgment for damages for breach of contract, and where the only question left for the adjudication of said city court, by the prior ruling of this court when the case was here before, was the amount of damages sustained by the plaintiff by reason of such breach of contract—this court having been dissatisfied with the rule for the measure of damages adopted by the city court on the former trial ; and where, under the rule laid down by this court, the evidence on the trial last had, admitted without objection, though loose, is sufficient to authorize the judgment of the judge of the city court sitting both as jury and judge :

*Held*, that this court will not reverse and set aside the judgment of the city court rendered under the circumstances aforesaid.

New trial.    Before Judge HARDEN.    City Court of Savannah.    July Term, 1878.

In addition to the report contained in the opinion, it is only necessary to add the following :

Ferrill sued the Association in attachment for $200.00 for breach of a contract for his services as agent.    By amendment, he added substantially the following count (which contains the gist of his action) :

That on August 17, 1875, he was engaged in business worth to him $100.00 per month, which was secured to him for twelve months from that date ; that the defendant, in consideration that the plaintiff would relinquish that business and devote his time exclusively to the business of the defendant, agreed with him that he should become its agent for a certain territory, and that he should be paid for his services certain specified commissions ; that the defendant, in consideration of the premises, promised the plaintiff that the rates of insurance should remain the same during the continuance of the agreement and should not be raised, and

that the agreement was to continue for one year from the date aforesaid, with the privilege to either party to terminate it at any time after January 1, 1876, upon giving the other thirty days' notice in writing; that the plaintiff entered upon the service of the defendant under said agreement, and performed his part of it until March 1, 1876, when it was terminated by notice previously given by the defendant; but that the defendant, for the purpose of curtailing its business, and for the purpose of injuring the plaintiff, increased its rates of insurance to such an extent that it became impossible for the plaintiff to secure policies; whereby the plaintiff was injured to the amount of $200.00.

The case, as originally made, is fully reported in 60 *Ga.*, 414. In its presnt shape there is one new feature which was then wanting, viz: evidence tending to fix the amount of damages, by showing that plaintiff could have realized at least that amount if defendant had complied with its contract.

JACKSON, LAWTON & BASINGER, for plaintiff in error, cited 60 *Ga.*, 414, 422; Code, §2756.

R. E. LESTER, for defendant, cited 8 *Ga.*, 190; Chitty on Contracts (margin), 636, 639, 490–491; Code, §§2183; 3073, 2944, 3074; Sedgwick on Damages, §202; 60 *Ga.*, 414.

JACKSON, Justice.

When this case was here before—60 *Ga.*, 414—it was sent back because there was no sufficient evidence that the plaintiff had been damaged by the defendant's breach of contract, the city court having given judgment for two hundred dollars seemingly upon the single idea that the Life Association had agreed to pay that sum, one hundred dollars for each of the months of January and February, 1876, because the company was bound to pay that sum monthly up to January 1st, 1876.

It comes back now with a judgment of the city court for the same sum, $200.00; but there is evidence now—not in

before—that if the contract had not been broken by the company or association putting its rates so high that the plaintiff could not prosecute at all the work of soliciting insurance, and making and remitting premiums for the year for which he had been employed, their rates being made higher than all other life companies operating in the district assigned to the plaintiff—if the rates had not thus amounted to a virtual destruction of the plaintiff's business, he could probably have made $1,500.00 for the year, because he had, before the rates were changed, engaged applications enough to have realized that sum in commissions or premiums. This evidence was not objected to, and whilst it is loose, and not entirely satisfactory, yet it is enough to authorize the judge to reason to the conclusion that the plaintiff had been damaged at least $200.00 for the two months for which he had not been paid. We cannot, therefore, say that the judgment is unsupported by the evidence and against the law. Before he could be discharged, the plaintiff was entitled to notice of thirty days from the association. This notice was not given till February, and his term of service, therefore, extended to the 1st of March. Whatever commissions, therefore, he could have made in January and February, for which months he had been paid nothing, and was deprived of the opportunity to make by the virtual resolution of the company to quit business in his district, it would seem that he was entitled to recover; and so it was ruled when the case was here before. The evidence, unobjected to and uncontradicted, that he started with prospects so fair, all of which were blighted by the determination of the association to increase rates to the point of annihilation of its business in his district, would seem to lead to the conclusion that had it not done so he would have made by commissions, in January and February, the sum adjudged him by the city court. At all events, the city court, acting as a jury, has so found, and we cannot conclude that it had not evidence to sustain the finding, and that the judgment is therefore contrary to law.

Judgment affirmed.